# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RONALD TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-2116 |
| | ) |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REFERRING REQUEST FOR COSTS AND ATTORNEY'S FEES

Before the Court is Defendant Novartis Pharmaceutical Corporation's ("NPC") January 14, 2013 Motion to Dismiss. (Motion, ECF No. 44.) Plaintiff Ronald Tatum ("Tatum") responded on January 29, 2013. (Pl.'s Resp., ECF No. 45.) NPC replied on February 11, 2013. (Def.'s Rep., ECF No. 51.) NPC seeks an order dismissing the case with prejudice and awarding attorney's fees and costs based on Tatum's failure to provide a Plaintiff's Fact Sheet ("PFS") by the court-imposed December 17, 2012 deadline. For the following reasons, NPC's Motion to Dismiss is DENIED. The question of the PFS's completeness and Defendant's request for costs and attorney's fees are referred to the Magistrate Judge.

On October 24, 2012, the Court entered an order requiring Tatum to "serve upon Defendant a completed Plaintiff's Fact Sheet (approved for use in MDL 1760) by December 17, 2012." (Order Exempting Def. From Rule 26(a)(1) Initial Disclosure Requirements, ECF No. 33.) On November 24, 2012, the Court adopted a Scheduling Order that incorporated by reference the Court's October 24, 2012 Order. (Scheduling Order, ECF No. 43.)

Tatum failed to serve his PFS by the December 17, 2012 deadline. On December 18, 2012, NPC sent a letter informing Tatum of his failure to serve the PFS and warning that a motion to dismiss would be filed if the PFS were not completed in all material respects by December 27, 2012. (See 12/18/12 Letter, ECF No. 44-1.) Tatum did not respond. On December 31, 2012, NPC sent Tatum a letter seeking a conference about his failure to file a PFS. (See 12/31/12 Letter, ECF No. 44-2.) Tatum did not respond, and NPC filed the instant Motion.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss a claim for "'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" Sexton v. Uniroyal Chem. Co., 62 F. App'x 615, 618-19 (6th Cir. 2003) (quoting Harmon v. CXS Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997)). "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear

2

record of contumacious conduct by the plaintiff." Schafer v. City of Defiance Police Dep't, 528 F.3d 731, 736 (6th Cir. 2008); see also Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005). Although dismissal advances the expeditious resolution of litigation, courts adhere to a strong policy that "favors disposition of cases on their merits." Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993).

Courts consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Shafer, 529 F.3d at 737 (citing Knoll v. AT&T, 176 F.3d 359, 362-63 (6th Cir. 1999)). None of the factors is "outcome dispositive, . . . [A] case is properly dismissed . . . where there is a clear record of delay or contumacious conduct." Knoll, 176 F.3d at 363. The factors "have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." Harmon, 110 F.3d at 367.

There is no evidence that Tatum's failure is due to willfulness, bad faith, or fault. A party's conduct under this factor must display "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those

3

proceedings." Wu, 420 F.3d at 643 (brackets and internal quotation marks omitted); see also Schafer, 529 F.3d at 737. Tatum corrected his mistake by reviewing a previously completed PFS, making the necessary corrections, and submitting an updated version to NPC. "Mistakes, if promptly corrected and not substantially prejudicial to the opposing party, should not be punished with extreme sanctions." Johnson v. Belvedere Gardens Condos Ass'n, 12-2118, 2013 U.S. Dist. LEXIS 68314, at *14 (W.D. Tenn. May 14, 2013).

NPC was inconvenienced, not substantially prejudiced. A defendant is prejudiced where the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." Schafer, 529 F.3d at 737 (citation omitted). Tatum produced the PFS a little more than one month after the deadline. NPC asserts that the delay jeopardizes its ability to meet discovery and other deadlines, but that is unlikely. Trial is not scheduled until July 2014. The discovery and dispositive motion deadlines expire in approximately one year.

Tatum was not adequately warned that failure to file the PFS could result in dismissal. "Prior notice, or the lack thereof, is . . . a key consideration" in determining whether a case must be dismissed. Id. (citation omitted). The Sixth Circuit has "repeatedly 'reversed district courts for dismissing

4

cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.'" Wu, 420 F.3d at 644 (quoting Harris v. Callwood, 844 F.3d 1254, 1256 (6th Cir. 1988)). The Court has not previously warned Tatum that failing to file the PFS would result in dismissal. Because Tatum was not previously warned, dismissal would not be appropriate. Id. (dismissal is appropriate "only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process.").

NPC's Motion to Dismiss is DENIED.

NPC argues that PFS submitted by Tatum is incomplete. The question of completeness and NPC's request for costs and attorney's fees are referred to the Magistrate Judge.

So ordered this 21st day of May, 2013.

                                      s/ Samuel H. Mays, Jr.
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE